UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARIUS MCKEVIE,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 24-cv-01172-TLT<br><br>**ORDER GRANTING LEAVE TO PROCEED** ***IN FORMA PAUPERIS***; **ORDER OF DISMISSAL** |

    Petitioner, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a November 2, 2023 prison disciplinary proceeding at which he was found guilty of property distribution without a legitimate reason and was sentenced to 90 days credit loss. ECF 1 at 1. Petitioner states that he filed a grievance but did not file any habeas petition in state court because he "wasn't given the chance." *Id.* at 2.

    This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

    Although petitioner has not filed an application to proceed *in forma pauperis* (IFP) as the Clerk directed, *see* ECF 2, the Court will take judicial notice of petitioner's IFP application in case

3:23-cv-04213-TLT.  Petitioner is GRANTED leave to proceed IFP in this case as well.

However, the petition will be dismissed because it is apparent from the application that petitioner is not entitled to relief.  Petitioner has not exhausted his state judicial remedies.  Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982).  The exhaustion requirement applies to credit loss claims that shorten the length of a prisoner's confinement.  See *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).

Petitioner was required to exhaust the claims in this petition by presenting them to the highest state court.  Petitioner's indication that he "wasn't given a chance" to file a state habeas petition does not constitute absent or ineffective state process that could excuse his failure to exhaust.  Respondent is not required to give petitioner a chance to file a state court habeas petition, rather, it is something petitioner must do on his own.  The petition is DISMISSED without prejudice to its being refiled after petitioner exhausts his state judicial remedies by presenting his claims to the highest state court.  Because reasonable jurists would not find the result here debatable, a certificate of appealability (COA) is DENIED.  See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

The Clerk of the Court shall terminate any pending motions and close the file.

**IT IS SO ORDERED.**

Dated: June 26, 2024

TRINA L. THOMPSON
United States District Judge